

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00077-CR

_____

MARIO ALBERTO BRIONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. CF-19-01959

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Mario Alberto Briones pled guilty to aggravated assault with a deadly weapon[1] and pled true to one enhancement paragraph. Pursuant to a plea-bargain agreement with the State, Briones was sentenced to thirty years' imprisonment. The trial court certified that this was a plea agreement case and that Briones had no right of appeal; nonetheless, Briones, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Briones's plea agreement with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Briones either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Briones's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

We informed Briones of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Briones did not file a response to our jurisdictional defect letter.

Because Briones has no right of appeal as a result of his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     September 15, 2020
Date Decided:       September 16, 2020

Do Not Publish